IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MELVIN GRAYER                                                                                           PLAINTIFF

VERSUS                                                           CIVIL ACTION NO. 3:16-cv-709-WHB-LRA

WARDEN "Unknown" FILLIYAW, et al.                                                      DEFENDANTS

<u>ORDER DENYING PLAINTIFF'S MOTION [19] SETTING FORTH AN ORDER</u>

Before the Court is Plaintiff's Motion [19] entitled "Motion Setting Forth an Order." Plaintiff requests in his Motion [19] that the Court compel the Harrison County Adult Detention Center, where Plaintiff is presently incarcerated, to provide him materials he needs to correspond and comply with the Orders of the Court.  Pl.'s Mot. [19] at 3.  Because Plaintiff is adding a new claim as well as naming a new defendant, the Court will construe Plaintiff's Motion [19] as an amended complaint.  As discussed below, Plaintiff's Motion [19] will be denied.

Rule 15(a) of the Federal Rules of Civil Procedure provides a liberal amendment policy. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).  Leave to amend, however, does not mean it is automatic.  *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981).  The decision to grant or deny a motion to amend is within the discretion of the trial court.  *Addington*, 650 F.2d at 666.

The instant lawsuit was filed on September 12, 2016, against prison officials of the Mississippi Department of Corrections concerning the calculation of his sentence.  The claims set forth in Plaintiff's proposed Motion [19] are unrelated to the subject matter of the instant civil action.  As such, Plaintiff's Motion [19] should be denied.  *See Cockrum v. Carter*, Civil Action No. 13-5329, 2014 WL 1378872, *1 (E.D. La. Apr. 2, 2014) (finding that allowing new claims would unduly burden the defendants and the court); *Parker v. Gusman*, Civil Action No. 11-

0638, 2012 WL 7338060, *2 (E.D. La. Nov. 16, 2012) (determining that the motion to amend to add new claims should be denied); *Kron v. Tanner*, Civil Action No. 10-518, 2010 WL 2038168, *1 (E.D. La. May 20, 2010) (noting that "justice does not require that a plaintiff be allowed to continually amend his complaint to add new claims").  If Plaintiff wishes to pursue these additional claims against the prison officials of Harrison County Detention Center, he may assert them in a separate lawsuit.  A copy of forms used by prisoners to file a civil action pursuant to 42 U.S.C. § 1983 will be mailed to Plaintiff.  Accordingly, it is

ORDERED that Plaintiff's Motion [19] Setting Forth an Order filed February 27, 2017, is construed as Plaintiff's Motion to Amend.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion to Amend [19] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that the Clerk mail to Plaintiff form used by prisoners to file a civil action pursuant to 42 U.S.C. § 1983, including the form to request *in forma pauperis* status.

SO ORDERED, this the 7th day of March, 2017.

      *s/ Linda R. Anderson*
UNITED STATES MAGISTRATE JUDGE