IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MELVIN GRAYER, #08710                                              PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 3:16-cv-709-WHB-LRA

WARDEN JAMES FILLIYAW,
RONALD KING, JEWARSAI MALLET,
JERRY WILLIAMS, AND JANE AND
JOHN DOES                                                         DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court, sua sponte, for consideration of dismissal. Plaintiff Melvin Grayer was an inmate of the Mississippi Department of Corrections (MDOC) incarcerated in the Central Mississippi Correctional Facility, Pearl, Mississippi, at the time he filed this *in forma pauperis* Complaint [1] pursuant to 42 U.S.C. § 1983 on September 16, 2016. Grayer states that he was released on parole, but has been "returned back to M.D.O.C. to do the rest of the time they had projected for [h]im to do." Pl.'s Resp. [33]. As relief, Grayer seeks monetary damages. Compl. [1] at 10-11.

Having reviewed Grayer's Complaint [1], Responses [16, 22, 33], and relevant legal authority, the Court has determined that this civil action should be dismissed.

I.   BACKGROUND

Grayer complains that his sentence was not properly calculated after having the habitual portion of his seven-year sentence vacated on July 18, 2013. Compl. [1] at 4. The Mississippi Supreme Court affirmed Grayers's burglary "conviction, vacated his seven-year sentence and habitual-offender enhancement, and remand[ed] th[e] case" to the trial court for resentencing.

*Grayer v. State*, 120 So. 964, 970 (Miss. 2013); *see also* Pl.'s Resp. [16] at 6.   Grayer was resentenced on August 29, 2013, to serve seven (7) years in the custody of the Mississippi Department of Corrections and the trial court directed that Grayer receive credit for any and all time served on his burglary conviction.   Pl.'s Resp. [22] at 5.

According to Grayer, he is entitled to 575 days of credit for time served on his burglary conviction.   Compl. [1] at 5.   Grayer states that he "was placed under technical violation and was sent to C[entral] M[ississippi] C[orrectional] F[acility]" on June 26, 2015, at which time he reviewed his time sheet.   *Id*.   After reviewing the time sheet, Grayer realized that the Mississippi Department of Corrections had miscalculated his time.   *Id*.   Grayer wrote to the Warden and Superintendent about the miscalculation of the 575 days, but did not receive a response.   *Id*. at 5-6.   Grayer then filed a grievance with the Administrative Remedy Program, which Grayer states was returned to him "stating that my own calculation was correct."   *Id*. at 6.   However, Grayer was not released.   *Id*.   Grayer argues that because of this miscalculation he was incarcerated for at least 18 months or possible two years beyond his legal release date.   Compl. at 7.

## II.   DISCUSSION

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis*, and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   Because Grayer filed this civil action while he was incarcerated and has been granted *in forma pauperis* status, § 1915(e)(2) applies to this case.

*See Ford v. Foti*, 2001 WL 845461, *1 n.1 (E.D. La. July 25, 2001) (citing *Gay v. Texas Dept. of Corr.*, 117 F.3d 240, 241 (5th Cir. 1997) (finding that the Prison Litigation Reform Act of 1997 "attaches at the time of filing and is not changed by the fact that inmate is later released")).

    Grayer's claim that he should recover monetary damages for an allegedly unlawful period of incarceration because of an error in the calculation of his sentence, *see* Compl. [1] at 5, Pl.'s Resp. [16] at 3, Pl.'s Resp. [22] at 2, cannot be pursued as a § 1983 civil action until he satisfies the conditions set out in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).   *See Whitehurst v. Jones*, 278 F. App'x 362, 363 (5th Cir. 2008) (holding that *Heck* applies to claims "that the denial of time credits unlawfully extended [a prisoner's] detention").   In *Heck*, the Supreme Court held that a 42 U.S.C. § 1983 claim for monetary damages which essentially challenges a plaintiff's conviction or imprisonment is not cognizable until his conviction or alleged unconstitutional imprisonment has been invalidated.   *See Heck*, 512 U.S. at 486-87.

    Clearly, if Grayer's argument that he is entitled to have his sentence credited with 575 days is successful, he would receive an earlier release.   Grayer therefore is required to demonstrate that his alleged unconstitutional imprisonment as a result of his sentence not being calculated correctly meets the requirements set forth in *Heck* before he may pursue this § 1983 action.   *See Heck*, 512 U.S. at 486-87.   Even though Grayer has exhausted his administrative remedies, *see* Pl.'s Resp. [16] at 1, Grayer does not establish that his sentence calculation has been invalidated by a decision of an executive order, state court, or federal court as required by *Heck*.   The Court therefore finds that Grayer cannot maintain this § 1983 action, and this civil action must be dismissed.   *See id.*

Because Grayer is challenging the duration of his confinement, his claim is in the nature of a request for habeas relief.[1] *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that a challenge concerning the fact or duration of confinement should be pursued as a petition for habeas corpus relief); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (holding that a "§ 1983 action is barred . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). Because Grayer must pursue his claim for an earlier release pursuant to a request for habeas corpus relief, he is required to exhaust his available state remedies prior to filing a petition for habeas relief in this Court. *Preiser*, 411 U.S. at 500; *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983).

Grayer has as an available state remedy to pursue the instant claim that his sentence has not been properly calculated by filing a request with the Mississippi Department of Corrections administrative remedies program, and "if he is denied the proper relief, or credit for time served, by the administrative system," he may then pursue his claim in state court. *See McDonald v. State*, 16 So. 83, 85 (Miss. Ct. App. 2009) (citing *Murphy v. State*, 800 So.2d 525, 527-28 (Miss. Ct. App. 2001). Even if Grayer has presented his claim, as he indicated in his Complaint [1], to MDOC's administrative remedies program, he does not establish that he filed in the state courts any type of action challenging MDOC's calculation of his sentence and/or the failure to release him.

---

[1] When a § 1983 complaint contains both habeas and § 1983 claims, "the district court should separate the claims and decide the § 1983 claims." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

4

Under these circumstances, Grayer has not met the exhaustion requirements of 28 U.S.C. § 2254(b)(1)(A) and (c). Because Grayer has not met the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) and (c), the Court will not liberally construe the instant Complaint [1] as a petition for habeas corpus relief. Once he has exhausted his available state remedies, and if he does not receive the requested relief in the state courts, Grayer may then file a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in a new and separate action in this Court. As previously pointed out by the Court, there are no allegations asserted by Grayer which establish that his sentence has been determined to have been was incorrectly calculated.

### III.   CONCLUSION

Grayer cannot state a 42 U.S.C. § 1983 claim for monetary damages which essentially challenges his alleged unconstitutional imprisonment until the *Heck* requirements are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Thus, this § 1983 civil action will be dismissed with prejudice as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). *See id.; Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (finding *Heck* barred claims are legally frivolous). Grayer's habeas claims are dismissed without prejudice so that he may pursue those claims pursuant to 28 U.S.C. § 2254.

Because this case is dismissed as frivolous and for failure to state a claim, it will be counted as a "strike." *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). If Grayer receives "three strikes," he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal. *See* 28 U.S.C. § 1915(g).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). This dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that the habeas corpus claim asserted in this civil action is **DISMISSED WITHOUT PREJUDICE** to Plaintiff's pursuit of this claim in a petition for habeas corpus relief.

The Court will enter a Final Judgment in accordance with this Memorandum Opinion and Order.

SO ORDERED, this the 22nd day of August, 2017.

                                              s/William H. Barbour, Jr.
                                              UNITED STATES DISTRICT JUDGE