IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MELVIN GRAYER, #08710                                                                       PLAINTIFF

VERSUS                                                      CIVIL ACTION NO. 3:16-cv-709-WHB-LRA

WARDEN JAMES FILLIYAW, et al.                                                            DEFENDANTS

<u>ORDER CONSTRUING PLAINTIFF'S MOTION [38] FOR REHEARING EN BANC
AS A MOTION FOR RELIEF FROM A JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL
PROCEDURE 60(b) AND DENYING PLAINTIFF'S MOTION [38] FOR RELIEF FROM A
JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 60(b)</u>

This matter is before the Court on Petitioner's Motion [38] entitled "Motion for Rehearing En Banc." The Court entered a Memorandum Opinion and Order [34] and Final Judgment [35] on August 22, 2017, dismissing the instant civil action filed pursuant to 42 U.S.C. § 1983. Plaintiff is requesting in the instant Motion [38] that the Court "[r]ehear [h]is Complaint [e]n [b]anc that the petitioner may go forward and cont[i]nue to pursue [h]is [c]ivil [c]omplaint in this Court, that justice may be served." Pl.'s Mot. [38] at 1. Having reviewed the record as well as the Motion [38], the Court will liberally construe Plaintiff's Motion [38] as a Motion for Relief from a Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure because it was filed more than 30 days from the Final Judgment [35] was entered. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004) (finding that the Federal Rules of Civil Procedure "do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order").

A party seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure must show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason

justifying relief from the operation of the judgment. For the following reasons, the Court finds that Plaintiff has failed to demonstrate that relief is appropriate under any of the grounds set out in Rule 60(b).

Plaintiff argues that the instant civil action was dismissed "[b]ecause this Court failed to see that the petitioner's state court remedies had been exhausted." Pl.'s Mot. [38] at 1. Plaintiff goes on to request that he be allowed to go forward with this Complaint. *Id.* at 2. As discussed in the Memorandum Opinion and Order [34], Plaintiff's allegations in the instant § 1983 civil action are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Mem. Op. [34] at 2. The Court also found that Plaintiff had not exhausted his state court remedies and therefore, the Court did not separate the habeas and § 1983 claims. *Id*. at 4. Since this § 1983 civil action was dismissed, Plaintiff has filed a separate Petition for habeas relief concerning the calculation of his sentence which is pending in this Court. *See Grayer v. State*, Civil Action No. 1:17-cv-260-HSO-MTP (S.D. Miss. filed Sept. 20, 2017).

Having liberally considered Plaintiff's Motion [38], the Court finds that Plaintiff does not assert any arguments that he did not already raise in his Complaint or that were not available to him at the time of filing his Petition. Therefore, Plaintiff fails to satisfy the requirements for obtaining relief under Rule 60(b). Therefore, the Court made the correct legal finding when it issued the Memorandum Opinion and Order [34] and Final Judgment [35] entered on August 22, 2017. Accordingly, it is,

ORDERED AND ADJUDGED that Plaintiff's Motion [38] is **denied**.

SO ORDERED, this the 5th day of October, 2017.

                        s/William H. Barbour, Jr.
                        UNITED STATES DISTRICT JUDGE