IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MELVIN LEE GRAYER, #08710                                            PLAINTIFF

VERSUS                                CIVIL ACTION NO.   3:16-cv-709-WHB-LRA
                                                                     APPEAL NO. 17-60715

WARDEN JAMES FILLIYAW, et al                                DEFENDANTS

ORDER REGARDING MOTION TO PROCEED
*IN FORMA PAUPERIS* ON APPEAL

The Court has considered the plaintiff's/appellant's application [43] for leave to proceed *in forma pauperis* on appeal, the certified trust fund account statement or institutional equivalent, and all consents and other documents required by the agency having custody of the appellant to withdraw funds from the account.

The application for leave to proceed *in forma pauperis* on appeal [43] pursuant to 28 U.S.C. § 1915 is **DENIED** for the following reason:

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), the Court certifies that the appeal is not taken in good faith because Plaintiff fails to present a good faith non-frivolous issue for appeal based upon the findings and conclusions set forth in the Court's Memorandum Opinion and Order [34] and Final Judgment [35] entered August 22, 2017.

Although this Court has certified that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), the applicant may challenge this finding pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), **by filing a separate motion to proceed IFP on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of this order**. The cost to file a motion to proceed on appeal with the Fifth Circuit is calculated below, and if the appellant moves to proceed on appeal IFP, the prison authorities will be directed to collect the fees as calculated in this order.

If Grayer files a separate motion to proceed IFP on appeal with the Clerk for the Fifth Circuit, he is assessed an initial partial fee of 20 percent of the average monthly balance or the average monthly deposit, whichever is greater, in appellant's prison account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court.

Thereafter, Grayer shall pay $505.00, balance of the appeal fee, in periodic installments. The appellant is required to make payments of 20% of the preceding month's income credited to the appellant's prison account until appellant has paid the total appeal fee of $505.00. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the Clerk of the District Court, 501 E. Court St., Suite 2.500, Jackson, Mississippi 39201.

If the appellant moves to proceed on appeal IFP, the clerk shall mail a copy of this order to the inmate accounting office or Sheriff, Harrison County Detention Center, 10451 Larkin Smith Drive, Gulfport, Mississippi 39503, or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

SO ORDERED, this the 31st day of October, 2017.

s/William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE